IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00370–PAB–KMT

FOGNANI & ASSOCIATES, PLLC, a Colorado limited liability company d/b/a FOGNANI & FAUGHT, PLLC,

    Plaintiff,

v.

METROPOLITAN AREA NETWORKS, INC., a Delaware corporation,

    Defendant,

v.

ALAN H. SIMON,

    Third Party Defendant.

**ORDER**

This matter is before the court on "Plaintiff's Motion for Leave to File its Verified First Amended Complaint." (Doc. No. 58 [Mot.].) Plaintiff Fognani & Associates, PLLC (Fognani) has sued Defendant Metropolitan Area Networks, Inc. (MAN) for breach of contract and specific performance arising out of an agreement for payment of legal services Fognani provided to MAN. Fognani seeks leave to amend its complaint to add claims for fraud and unjust enrichment against MAN and claims to pierce the corporate veil and allege fraud against William Chastain, the president and majority shareholder of MAN. (Mot. at 2.) Because the suit has been removed from Colorado state court, Fognani also seeks to correct jurisdictional

allegations. (*Id.*) Fognani indicates that Third-Party Defendant Alan Simon does not oppose the motion but MAN does. MAN filed a response (Doc. No. 65) and Fognani filed a reply (Doc. No. 68). For the reasons that follow the Motion is granted.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See* Fed. R. Civ. P. 15(a); *see also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir.1983). Further, the Supreme Court guides that

> [t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

**ANALYSIS**

As a threshold matter, the Scheduling Order entered in this case specified that the deadline for joinder of parties and amendment of pleadings was August 16, 2010. (Doc. No. 47 at 12.) Fognani's Motion, filed on August 16, 2010, is therefore timely. Nonetheless, MAN objects to Fognani's Motion, principally on the ground that the proposed First Amended Complaint will cause delay in the case as defense counsel for Chastain will be required to make an appearance, become familiar with the pleadings and proceedings, file dispositive and jurisdictional motions, and examine the case's voluminous electronic record. (Doc. No. 65 at 2.) However, MAN does not argue that this delay is "undue," leaving that inquiry to the determination of the court. (*Id.*)

The court finds nothing that would justify a denial of leave to amend. The case is still in the early stages of litigation. Discovery does not close until March 2011 (*see* Doc. No. 47 at 12) and, according to Fognani, no depositions have been scheduled. Undue delay that would concern the court is delay in seeking an amendment, not the delay that would result from an amendment, which is more appropriately evaluated in terms of prejudice to the nonmoving party. *See, e.g.*, *Buckles Mgmt., LLC v. Investordigs, LLC*, No. 10-cv-00508-LTB-BNB, 2010 WL 2844078, at *4 (D. Colo. July 19, 2010) (finding a request to amend to be the product of undue delay that would cause prejudice to the defendants). Here, MAN has not argued that it will be prejudiced. Moreover, the court finds no evidence of undue delay, bad faith, dilatory motive, previous failure

to amend, or futility of the amendment.

Therefore, it is **ORDERED** that

"Plaintiff's Motion for Leave to File its Verified First Amended Complaint" (Doc. No. 58) is GRANTED. The Clerk of Court shall file Plaintiff's "Verified First Amended Complaint" (Doc. No. 58–1).

Dated this 30th day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge