**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-00370-PAB-KMT

FOGNANI & ASSOCIATES, PLLC, a Colorado Corporation d/b/a FOGNANI & FAUGHT, PLLC,

      Plaintiff,

v.

**METROPOLITAN AREA NETWORKS, INC.**, a Delaware corporation,

      Defendant and Third Party Plaintiff
and

**WILLIAM J. CHASTAIN,** an individual,

      Defendant
v.

**ALAN H. SIMON**,

      Third Party Defendant.

_____

**PROTECTIVE ORDER**
_____

This matter comes before the Court on Defendant Metropolitan Area Networks, Inc.'s

(hereinafter "MNA") "Opposed Motion for Protective Order" [Doc. No. 84, filed October 29,

2010]. After reviewing the pleadings submitted by the parties, hearing oral argument on

December 3, 2010, and receiving supplemental submissions on December 27, 28 and 29, 2010, it

is clear to the Court that the Parties have agreed it is necessary that the Court enter a Protective

Order to control and protect the dissemination of documents or information that may be provided

in this Action through disclosures or discovery which information may contain trade secrets or

other confidential research, development or commercial information or otherwise competitively

sensitive confidential information.  Therefore, MAN's "Opposed Motion for Protective Order" [Doc. No. 84] is GRANTED IN PART and the Court enters the following Protective Order.

IT IS **ORDERED**

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by a Party to this Action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether or not the document, material or information had been provided to other Parties before commencement of the Action or disclosed or provided in this Action before entry of this Protective Order.  Any document, material or information that has been disclosed or provided in this Action in response to discovery requests prior to entry of this Protective Order is and shall be considered "Protected Information" pursuant to this Protective Order for 21 days after entry of this Protective Order.  To the extent any party seeks continued protection for such previously disclosed or provided document(s), material or information, that party's counsel, within the 21 days following entry of this Protective Order, shall specifically designate the documents, material or information as "Protected Information" in accordance with the provisions of this Protective Order. Previously disclosed or provided documents, material or information not specifically designated as "Protected Information" within the 21 day period will no longer be deemed "Protected Information."  Nothing in this provision shall affect a Party's right to challenge the designation of a document, material or information as "Protected Information" in accordance with paragraph 17 herein.

2.      This Protective Order prevents only the disclosure of information obtained as the result

of information obtained through use of the discovery process.  This Protective Order does

not protect dissemination of information lawfully obtained through other means.  *See*

*Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 387 (D. Colo. 2000).  *See also*

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-34 (1984).

3.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P.

34(a).  A draft or non-identical copy is a separate document within the meaning of this

term.

4.      "Party" or "Parties" means the named Parties to this Action and includes, where

applicable, a Party's employees.

5.      "Protected Information" means any document, file, portions of files, transcribed

testimony, or response to a discovery request, including any extract, abstract, chart,

summary, note, or copy made therefrom and disclosed and designated by one of the

Parties in the manner provided below as containing confidential or "Protected

Information" which if disclosed could significantly impact the parties' business or

privacy interests and/or impact other cases in litigation involving various parties and/or

non-parties.

6.      "Disclosing Party" means the Party initially producing or subsequently disclosing

Protected Information.

7.      "Receiving Party" means the Party receiving the Protected Information.

8.      Where Protected Information is disclosed, provided, or otherwise produced by a Party in response to any discovery request, the Disclosing Party or the Receiving Party may designate documents or information as "Protected" in the following manner:

      a.      By imprinting the word "Protected" on the first page or cover of any document; or

      b.      By imprinting the word "Protected" next to or above any response to a discovery request; or

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Protected" no later than ten (10) calendar days after receipt of the transcribed testimony; or

      d.      In writing, by designating specific Bates pages of documents produced "Protected" or by otherwise identifying specific documents or information as "Protected;" or

      e.      If the document or information was disclosed or provided in the Action before entry of this Protective Order, designating the previously provided documents or information as "Protected" within 21 days after the entry of this Protective Order.

9.      All such designations made pursuant to the provisions of Paragraph 8 herein are to be made by counsel for the parties acting in good faith and not for purposes of harassment, annoyance or to unduly delay or complicate discovery in this Action.

10.     All Protected Information disclosed by a Party shall be subject to the following restrictions:

a.    It shall be used only for the purpose of this litigation and not for any

business or other purpose whatsoever;

b.    It shall not be communicated or disclosed by any Party's counsel or a

Party in any manner, either directly or indirectly, to anyone except for

purposes of this Action and according to the procedure of Paragraphs 13

and 14 of this Protective Order.

11.    Protected Information shall not, without the consent of the party producing it or further

Order of the Court, be disclosed except that such information may be disclosed to the

following Qualified Recipients:

a.    the law firms representing the parties in this Action;

b.    persons regularly employed or associated with the law firms representing

the parties in this Action;

c.    Parties as defined in Paragraph 4 herein;

d.    expert witnesses and consultants and their employees retained by the

Parties to assist with this Action, to the extent such disclosure is necessary

for preparation, trial or other proceedings in this case;

e.    the Court and its employees ("Court Personnel");

f.    stenographic reporters and videographers retained by the Parties in this

Action;

g.    deponents and witnesses during the course of testimony in this Action;

h.    potential witnesses in this Action, but only such Protected Information as

is relevant and material to the potential testimony of the witness and to the

extent such disclosure is necessary for preparation, trial or other

proceedings in this case ;

    i.    the Parties' insurance carriers and their employees;

    j.    other persons by written agreement of the Parties.

12.    Individuals authorized to review Protected Information pursuant to this Protective Order shall hold Protected Information in confidence and shall not divulge the Protected Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

13.    Prior to disclosing any Protected Information to any person listed above (other than counsel for the Parties, persons employed by counsel, the Parties themselves, Court Personnel and stenographic reporters and videographers), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached at Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions

14.    The Party who is disclosing Protected Information shall obtain and retain the original acknowledgments signed by Qualified Recipients of the Protected Information, and shall maintain a list of all persons to whom any Protected Information is disclosed.

15.    During the pendency of this Action, any Party may, upon court order or agreement of the Parties, inspect the list maintained by counsel pursuant to Paragraph 14 above upon a showing of  substantial need in order to establish the source of an unauthorized disclosure of Protected Information where a Party is unable otherwise to identify the source of the disclosure.  If disagreement exists among the Parties regarding the showing of substantial

need, then a Party may seek a court order requiring inspection of the list  under terms and conditions deemed appropriate by the Court.

16.     Within 90 days after the conclusion of this Action, whether by final judgment, including any appeals, or settlement, all Parties receiving and/or disclosing Protected Information under the terms of this Protective Order shall provide the original Disclosing Party with written certification that all copies of the Protected Information have been destroyed by the Receiving Party and any Qualified Recipients. No copies of Protected Information shall be made except by or on behalf of Parties to this Action and such copies shall be made and used solely for purposes of this Action.

17.     If a Receiving Party objects to the designation of certain information as Protected Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal and expedited basis, attempt to resolve such dispute.  If after such good faith attempt, counsel are unable to resolve their dispute, the Receiving Party may move for a disclosure order consistent with this Order.  During the pendency of any motion for disclosure, the information shall continue to have Protected Information status from the time it is produced until the ruling by the Court on the motion.

18.     Use of Protected Information in Court Proceedings:  In the event Protected Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential or Protected status as between the Parties through such use.  Protected Information and pleadings or briefs quoting or discussing Protected Information will not be accepted for filing "under seal" or otherwise kept out of the public

record in this action, however, except by court order issued upon motion of the party

seeking to file the documents under seal.  Any motion requesting leave to file documents

under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate

that the Protected Information at issue is entitled to protection under applicable law.

19.     A Party's failure to object to documents or information as being designated "Protected" in

this Action does not constitute a stipulation or admission that such documents or

information were or are "confidential" for purposes of establishing any claim or defense in

the Action, nor does such failure to object waive objections that may be asserted under the

Federal Rules of Evidence at the trial of this Action.

20.     The termination of this action shall not relieve counsel or other persons obligated

hereunder from their responsibility to maintain the confidentiality of Protected

Information pursuant to this Protective Order, and the Court shall retain continuing

jurisdiction to enforce the terms of this Protective Order.

21.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the

authenticity or admissibility of documents produced subject to it.

22.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking to

remove or assert further or different protections from the Court under Rule 26(c) of the

Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in

which Protected Information shall be treated at trial.


Dated this 3rd day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

9

**EXHIBIT A**

**NONDISCLOSURE AGREEMENT**


I, _____, do solemnly swear that I am fully familiar

with the terms of the Stipulated Protective Order entered in *Fognani & Associates, PLLC v.*

*Metropolitan Area Networks, Inc. et. al.,* United States District Court for the District of Colorado,

Civil Action No. 10-CV-00370, and hereby agree to comply with and be bound by the terms and

conditions of said Order unless and until modified by further Order of this Court.  I hereby

consent to the jurisdiction of said Court for purposes of enforcing this Order.



Dated:_____



*/s/*_____



Printed Name: _____