IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00370–WJM–KMT

FOGNANI & ASSOCIATES, PLLC, a Colorado limited liability company
d/b/a FOGNANI & FAUGHT, PLLC,

      Plaintiff and Counter-Defendant,

v.

METROPOLITAN AREA NETWORKS, INC., a Delaware corporation,

      Defendant and Third-Party Plaintiff,

and WILLIAM J. CHASTAIN, an individual,

      Defendant,

v.

ALAN H. SIMON,

      Third-Party Defendant.

## ORDER

This matter is before the court on "Third Party Defendant Alan H. Simon's Unopposed Motion for Leave to File First Amended Answer to Restated Third Party Claims." (Doc. No. 131, filed April 13, 2011.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend

the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Simon seeks to amend his Answer "to add defenses of set-off, unjust enrichment, and pro-rata allocation of liability, if any." (Doc. No. 31 at 2.) He also states that "although [his] defense of comparative fault and negligence is correctly included in the Amended Scheduling Order dated January 5, 2011, [his] prior answer mentioned only comparative negligence hence, he would conform the Amended Answer to the language in the Amended Scheduling Order." (*Id.*) Third-Party Plaintiff Metropolitan Area Networks, Inc., does not oppose Simon's Motion. The deadline for amending pleadings is April 15, 2011. (Doc No. 124, filed January, 5, 2011.) Therefore, the Motion—filed April 13, 2011—is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed Amended Answer and the Motion, the

court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Third Party Defendant Alan H. Simon's Unopposed Motion for Leave to File First Amended Answer to Restated Third Party Claims" (Doc. No. 131) is GRANTED. The Clerk of Court shall file Simon's "First Amended Answer to Restated Third Party Claims and Jury Demand" (Doc. No. 131–1).

Dated this 18th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge